IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARHIA H. GOHE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2198-B |
| | § | |
| SEVEN-ELEVEN | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM ORDER**

Plaintiff Farhia H. Gohe has filed a motion for appointment of counsel in this race and national origin discrimination case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* There is no automatic right to the appointment of counsel in an employment discrimination suit. *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Rather, the decision is left to the sound discretion of the trial court. The court must consider: (1) the merits of the claim; (2) efforts taken to obtain a lawyer; and (3) the financial ability of plaintiff to retain counsel. *See Gonzales v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Caston*, 556 F.2d at 1309. No single factor is conclusive. *Gonzales*, 907 F.2d at 580.

Plaintiff filed a claim of discrimination with the EEOC. The agency investigated the charge and was "unable to conclude that the information obtained establishes violations of the statutes." (Plf Compl., Attch.). Such a determination is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding. *See Gonzales*, 907 F.2d at 580; *Caston*, 556 F.2d at 1309. Although plaintiff is indigent and has made reasonable efforts to hire a lawyer, those factors alone do not warrant the appointment of counsel.

For these reasons, plaintiff's motion for appointment of counsel is denied without prejudice. Plaintiff may reurge her motion if this case survives dismissal after dispositive motions are decided.

SO ORDERED.

DATED: November 10, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE