IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FARHIA GOHE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2198-B |
| | § | |
| SEVEN ELEVEN | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant 7-Eleven, Inc. has filed a motion for sanctions against Plaintiff Farhia Gohe due

to her failure to appear for a properly noticed deposition.  For the reasons stated herein, the motion

should be granted and this case should be dismissed with prejudice.

I.

This is a *pro se* civil action alleging national origin, race, and sex discrimination in violation

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  On February

15, 2006, defendant served plaintiff with a notice requiring her to appear for deposition at the law

offices of Hallett & Perrin, P.C., 2001 Bryan Street, Suite 3900, Dallas, Texas on March 8, 2006

at 9:00 a.m.  The deposition notice was sent to plaintiff by first class mail at the address listed in her

complaint.[1]  When plaintiff did not appear for the deposition, defendant filed a motion for sanctions.

The court set the motion for a hearing on April 4, 2006 at 9:00 a.m.  Plaintiff was ordered to appear

---

[1]  The only address provided by plaintiff is P.O. Box 3561, Arlington, Texas 76007.  "Proof that a letter properly directed was placed in a U.S. post office mail receptacle creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989).

at this hearing in person, "then and there to show cause why sanctions should not be imposed as a result of her failure to appear for deposition on March 8, 2006 at 9:00 a.m."  Order, 3/21/06 at 1. The order warned plaintiff that her failure to attend the show cause hearing may result in the imposition of additional sanctions, "including an order striking her pleadings or parts thereof and dismissing this action with prejudice."  *Id.* at 1-2, *citing* Fed. R. Civ. P. 16(f) & 37(b)(2)(C). Although plaintiff was duly served with a copy of the show cause order, she failed to appear at the hearing and has not communicated with the court regarding her absence.

## II.

Fed. R. Civ. P. 37(d) provides, in pertinent part:

> If a party . . . fails [ ] to appear before the officer who is to take the deposition, after being served with a proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just[.]

Among the sanctions contemplated by this rule are "[a]n order striking out pleadings or parts thereof, . . . or dismissing the action or proceeding or any part thereof[.]"  Fed. R. Civ. P. 37(b)(C). Dismissal is an extreme sanction and should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]."  *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *quoting Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967).  The court should not dismiss a case "unless [it] first finds that a lesser sanction would not have served the interests of justice."  *First Houston*, 979 F.2d at 382, *quoting McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988); *see also Williams v. Kaufman Co.*, No. 3-97-CV-0875-L, 1998 WL 34190568 at *1 (N.D. Tex. Sept. 18, 1998) (Kaplan, J.), *rec. adopted*, 2004 WL 34188819 (N.D. Tex. Oct. 14, 1998).

The record in this case documents a clear history of delay and contumacious conduct. Plaintiff was duly noticed to appear for a deposition on March 8, 2006 and ordered to attend a show cause hearing on April 4, 2006. The show cause order warned plaintiff that the failure to attend the hearing may result in the imposition of additional sanctions, "including an order striking her pleadings or parts thereof and dismissing this action with prejudice." *See* Order, 3/21/06 at 1-2. Plaintiff failed to appear for her deposition, did not attend the show cause hearing, and has not communicated with the court or opposing counsel regarding these absences. Such conduct justifies the imposition of extreme sanctions. *See, e.g. Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (dismissal warranted where plaintiff failed to attend pretrial conference after judge warned that he had "one last opportunity" to comply with court's orders); *DirecTV, Inc. v. Mendes*, No. 3-03-CV-1102-P, 2004 WL 733199 at *2 (N.D. Tex. Apr. 2, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1873039 (N.D. Tex. Aug. 18, 2004) (default judgment entered against defendant for failure to appear at court-ordered status conference and show cause hearing); *McLane Foodservice, Inc. v. Hawkins*, No. 3-03-CV-1412-G, 2004 WL 350667 at *2-3 (N.D. Tex. Feb. 25, 2004) (Ramirez, J.), *rec. adopted*, 2004 WL 1179325 (N.D. Tex. Mar. 22, 2004) (case dismissed where plaintiff failed to appear for deposition and hearing to explain his absence).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this case on the merits. Plaintiff failed to appear for a properly noticed deposition notice and ignored a court order requiring her attend a show cause hearing. The purpose of this hearing was to give plaintiff an opportunity to explain her absence at the deposition. Plaintiff was explicitly warned of the consequences of failing to attend the show cause hearing, which included dismissal of her case. Under these circumstances, dismissal is warranted.

## RECOMMENDATION

Defendant's motion for sanctions [Doc. #24] should be granted.  The court should enter an order striking plaintiff's complaint and dismissing this action with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  April 10, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE